ACCEPTED
09-17-00449-CV
NINTH COURT OF APPEALS
BEAUMONT, TEXAS
12/11/2017 3:23 PM
CAROL ANNE HARLEY
CLERK

NO. 09-17-00449-CV

FILED IN
9th COURT OF APPEALS
BEAUMONT, TEXAS
12/11/2017 3:23:01 PM
CAROL ANNE HARLEY
Clerk

IN THE COURT OF APPEALS
FOR THE NINTH JUDICIAL DISTRICT OF TEXAS
AT BEAUMONT

---

*In Re* BESTEST, INC. and JOSHUA ALAN JORDAN

Relators.

---

*From the 136th Civil District Court*
*Jefferson County, Texas*
*The Honorable Baylor Wortham, Presiding Judge*

---

**RELATORS' REPLY TO REAL PARTY IN INTEREST,
HOLLY D. JOHNSON'S RESPONSE TO RELATORS'
PETITION FOR WRIT OF MANDAMUS**

---

TEKELL, BOOK, ALLEN & MORRIS, L.L.P.

William Book
State Bar No. 02622000
Gregory A. Holloway
State Bar No. 24000502
1221 McKinney, Suite 4300
Houston, Texas 77010
713-222-9542
713-229-1522 (fax)
wbook@tekellbook.com
gholloway@tekellbook.com

ATTORNEYS FOR RELATORS, BESTEST, INC.
AND JOSHUA ALAN JORDAN

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 52.3(a), the following is a complete list of all parties, and the names and addresses of all counsel, involved in this case:

*Relator*:

BesTest, Inc.

*Relator*:

Joshua Alan Jordan

*Counsel for Relators*:

William Book

Gregory A. Holloway

Tekell, Book, Allen & Morris, L.L.P.

1221 McKinney, Suite 4300

Houston, Texas 77010

*Real Party in Interest*:

Refractory Construction Services Co., LLC

*Counsel for Real Party in Interest Refractory Services Co., LLC*:

Glenn Fahl

Vincent, Serafino, Geary, Waddel, Jenevein, P.C.

815 Walker, Ste. 350

Houston, Texas 77002


*Real Party in Interest*:

Jarod Lawrence Johnson


*Counsel for Real Party in Interest Jarod Lawrence Johnson*:

Olan John Boudreaux

The Boudreaux Law Firm, PC

1111 North Loop West, Suite 940

Houston, Texas 77008


Chris C. Pappas

Kane Russel Coleman Logan PC

5051 Westheimer, Suite 1000

Houston, Texas 77056

*Real Party in Interest*:

Holly D. Johnson

*Counsel for Real Party in Interest Holly D. Johnson*:

Keith M. Fletcher

Wilton Chalker

Simmons & Fletcher, PC

9821 Katy Freeway, Suite 925

Houston, Texas 77024

*Respondent*:

The Honorable Baylor Wortham

136th Civil District Court

1085 Pearl Street

Beaumont, Texas 77701

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE AND VERIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 9.4(I) . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

## CASES

*Glover v. Moser*,
 930 S.W.2d 940, 941 (Tex.App.—Beaumont 1996, writ denied)...........2

*Gordon v. Jones*,
 196 S.W.3d 376, 384 (Tex. App.—Houston [1st Dist.] 2006, no pet.).....2

*Whitworth v. Kuhn*,
 734 S.W.2d 108 (Tex. App.—Austin 1987, no writ)....................2

## STATUTES AND OTHER AUTHORITIES

Tex. R. Civ. P. 86(1)......................................2

Tex. R. Civ. P. 87(1)......................................1

## STATEMENT OF THE CASE

*Nature of underlying proceeding*: Wrongful death action on theories of negligence and gross negligence arising out of a motor vehicle accident.

*Respondent*: The Honorable Baylor Wortham, Judge of the 136th District Court in Jefferson County, Texas.

*Actions from which petitioners seek relief*: Trial court's refusal to rule on Relators' Motion for Transfer of Venue.

## ISSUE PRESENTED

1.    Did the trial court abuse its discretion by three times refusing to rule on a timely submitted motion to transfer venue?

## ARGUMENT AND AUTHORITIES

Real Party in Interest, Holly Johnson, attempts to divert this Court's attention away from the issue: it has been nine months since Relator's Motion to Transfer Venue was filed[1], and Respondent still refuses to make a ruling. Further, Respondent has made clear that he intends to wait until after mediation is complete in March of 2018 to make a ruling.

Respondent is required to make a determination on the motion to transfer venue promptly *and* a reasonable time before trial. Tex. R. Civ. P. 87(1). These are two distinct requirements, with two distinct meanings, that must be met. If one is not met, the rule has been violated. Real Party in Interest dwells on what constitutes a reasonable time, in general, tending to claim that it is longer than four or five months, counting from the time the motion is first heard. This has no bearing on what it means to rule promptly, nor does it have any bearing on what a reasonable time before trial is. Therefore, Real Party in Interest cites no law to guide this Court toward what ruling promptly, or a reasonable time before trial means. If Relator did not move on its motion, did not urge the court to rule or did not file its motion for writ of

---

[1] Real Party in Interest, Holly Johnson, tells this Court that Relators made an error with regard to the filing date of BesTest Inc's Motion to Transfer Venue. Real Party in Interest is mistaken. Relators filed their Motion to Transfer Venue, *Original* Answer and Motion to Designate Responsible Third Party on March 7, 2017, and their Motion to Transfer Venue, *Amended* Answer and Motion to Designate Responsible Third Party on March 31, 2017. The Motion to Transfer Venue was in fact filed on March 7, 2017, as the Jefferson County District Clerk's file mark makes clear.

1

mandamus, no doubt the Real Party in Interest would take the position we have waived our right to have the case transferred. In reference to Rule 87(1), "It is apparent that this language contemplates a speedy determination of a venue question." *See Whitworth v. Kuhn*, 734 S.W.2d 108, 111 (Tex. App.—Austin 1987, no writ). Further, Rule 86 implies that venue is to be determined quickly, or promptly: "An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a." The purpose of this rule is to place venue determinations at the top of the agenda, to be made quickly, or promptly, "to prevent the court from proceeding on 'matters related to the merits' before determining whether venue is proper." *See Gordon v. Jones*, 196 S.W.3d 376, 384 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Glover v. Moser*, 930 S.W.2d 940, 941 (Tex.App.—Beaumont 1996, writ denied).

The word promptly is often used—its plain English meaning is not elusive, nor is its proper application to the present case. The practical wisdom of this Court is necessary, and more than sufficient, to determine whether promptly means promptly, or whether it means after a year has passed.

All Relators request from Respondent is simply to rule on the motion to transfer venue, one way or the other.

2

## PRAYER

Because the trial court clearly abused its discretion in refusing to rule on Defendants' Motion to Transfer Venue, and because relators have no adequate remedy by appeal, relators respectfully request that the Court grant this petition for writ of mandamus and direct the trial court to rule on Defendants' Motion to Transfer Venue.

Respectfully submitted,

TEKELL, BOOK, ALLEN & MORRIS, L.L.P.

William Book
State Bar No. 02622000
Gregory A. Holloway
State Bar No. 24000502
1221 McKinney, Suite 4300
Houston, Texas 77010
713-222-9542
713-229-1522 (fax)
wbook@tekellbook.com
gholloway@tekellbook.com

ATTORNEYS FOR RELATORS
BESTEST, INC. AND JOSHUA
ALAN JORDAN

3

## CERTIFICATE OF SERVICE

I certify that this petition for writ of mandamus was served on the following counsel of record, by certified mail and facsimile, and on respondent, by certified mail, on December 11, 2017.

*Counsel for Real Party in Interest Refractory Services Co., LLC*:

Glenn Fahl

Vincent, Serafino, Geary, Waddel, Jenevein, P.C.

815 Walker, Ste. 350

Houston, Texas 77002

*Counsel for Real Party in Interest Jarod Lawrence Johnson*:

Olan John Boudreaux

The Boudreaux Law Firm, PC

1111 North Loop West, Suite 940

Houston, Texas 77008

Chris C. Pappas

Kane Russel Coleman Logan PC

5051 Westheimer, Suite 1000

Houston, Texas 77056


*Counsel for Real Party in Interest Holly D. Johnson*:

Keith M. Fletcher

Wilton Chalker

Simmons & Fletcher, PC

9821 Katy Freeway, Suite 925

Houston, Texas 77024


*Respondent*:

The Honorable Baylor Wortham

136th Civil District Court

1085 Pearl Street

Beaumont, Texas 77701



Gregory A. Holloway

## CERTIFICATE AND VERIFICATION

BEFORE ME, the undersigned notary, on this day appeared in person, Gregory A. Holloway, who is known to me as the person whose signature appears below and who stated as follows, after having been duly sworn according to law:

"As counsel for BesTest, Inc. and Joshua Alan Jordan, I certify and verify that I have reviewed the reply and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record, and that the items contained in the appendix and the separately bound mandamus record are accurate copies of pleadings and other court papers that are material to BesTest Inc. and Joshua Alan Jordan's claim for mandamus relief and that were filed in the underlying proceeding. Also, no testimony was adduced in connection with the matter complained."



Gregory A. Holloway

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary, on December 1⁴ᵗʰ, 2017, in certification of which I execute my hand and official seal.

VIOLET HERNANDEZ
Notary Public, State of Texas
Comm. Expires 10-31-2021
Notary ID 125482164

Notary Public, State of Texas

7

## CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 9.4(I)

I certify that this document contains 1,685 words, as indicated by the word-count function of the computer program used to prepare it, and excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, as provided by Appellate Rule 9.4(I).

Gregory A. Holloway

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary, on December 11th, 2017, in certification of which I execute my hand and official seal.



VIOLET HERNANDEZ
Notary Public, State of Texas
Comm. Expires 10-31-2021
Notary ID 125482164

Notary Public, State of Texas

8